OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MORGAN

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MORGAN
2016 OK 85
Case Number: SCBD-5964
Decided: 08/02/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 85, __ P.3d __

 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
MICHAEL STEVEN MORGAN, Respondent.

¶0 ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶1 Before this Court is the affidavit of Respondent, Michael Steven Morgan, OBA #6398, filed pursuant to Rule 8.1 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011, ch. 1, app. 1-A, requesting that he be allowed to resign his membership in the Oklahoma Bar Association (OBA) and relinquish his right to practice law. The OBA moves that this Court approve the resignation. Respondent's application and affidavit of resignation reveal the following:

¶2 Respondent was admitted to membership in the OBA on April 25, 1980. On July 8, 2016, he submitted his affidavit of resignation pending investigation of a disciplinary proceeding. His official OBA roster address is 1008 S. Woodcrest Drive, Stillwater, OK 74074.

¶3 Respondent's affidavit of resignation reflects his desire to resign and: a) it is freely and voluntarily rendered; b) he is not subject to coercion or duress; c) he is fully aware of the consequences of submitting the resignation; and d) he is aware the resignation is subject to the approval of the Supreme Court. He also intends the effective date of the resignation to be the date and time of the affidavit's execution and will conduct his affairs accordingly.

¶3 Respondent's affidavit sets forth his acknowledgement of his current interim suspension and that on January 22, 2013, he was found guilty of one count of theft or bribery in programs receiving federal funds, a violation of 18 U.S.C. § 666(a)(1)(b). This Court entered an Order of Immediate Interim Suspension on February 7, 2013. On June 21, 2016, Respondent was sentenced to a term of eighteen (18) months in the custody of the U.S. Bureau of Prisons.

¶4 Respondent is aware that his conviction and sentence shall suffice as the basis for attorney discipline pursuant to Rule 7.2, RGDP. He understands that he may request a hearing or file a brief regarding the imposition of final discipline pursuant to 7.4, RGDP, but he waives the opportunity to do so and submits his resignation in lieu thereof.

¶5 Respondent states that he is aware that the approval or disapproval of his resignation is within the discretion of the Supreme Court of Oklahoma under Rule 8.2, RGDP.

¶6 Respondent informs the Court that he has previously complied with the provisions of Rule 9.1, RGDP by filing an Affidavit with this Court on March 15, 2013. Respondent states that he has not practiced law since that date and that the filed Affidavit remains true and accurate.

¶7 Respondent acknowledges that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures set forth in Rule 11, RGDP, and that he may make no application for reinstatement prior to the expiration of five (5) years from the effective date as stated in this Order approving his Resignation Pending Disciplinary Proceedings.

¶8 Respondent understands that, as a result of his conduct, the Client Security Fund may receive claims from his former clients. Respondent agrees that, should the OBA approve and pay such Client Security Fund claims, he will reimburse the Fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

¶9 Respondent is unable to locate his OBA membership card but will forward it to the Office of the General Counsel should he find it.

¶10 Respondent acknowledges that he must cooperate with the Office of the General Counsel in the task of identifying any active client cases wherein documents and files need to be returned or forwarded to new counsel, and in any client case where fees or refunds are owed by him.

¶11 Respondent acknowledges that the OBA incurred costs in the amount of $6.47. The OBA acknowledges receipt of the payment of those costs and seeks no additional award of costs.

¶12 IT IS THEREFORE ORDERED that the application by the OBA for an order approving Michael Steven Morgan's resignation be approved, and the resignation is deemed effective on the date of his February 7, 2013 interim suspension from the practice of law.

¶13 IT IS FURTHER ORDERED that costs are not awarded due to the express statement by the OBA that Respondent has previously paid the $6.47 for costs incurred herein.

¶14 IT IS FURTHER ORDERED that if any funds of the Client's Security Fund of the OBA are expended on behalf of Respondent, he must show the amount paid and that the same has been repaid, with interest, to the OBA to reimburse the Fund prior to reinstatement.

¶15 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 2nd day of August, 2016.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.